1  Stephanie Sheridan (CA 135910)
2  Meegan B. Brooks (CA 298570)
   Benesch, Friedlander, Coplan & Aronoff LLP
3  100 Pine Street, Suite 3100
   San Francisco, California 94111
4  Telephone:  628.600.2250
   Facsimile:   628.221.5828
5  ssheridan@beneschlaw.com

6  Attorneys for Defendant
7  J. CREW GROUP, LLC

8              **IN THE UNITED STATE DISTRICT COURT**
               **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| DANI CALDERON and EVGUENIA BABAEVA, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>J. CREW GROUP, LLC,<br><br>Defendant. | Case No. 23-cv-1695<br><br>**NOTICE OF REMOVAL**<br><br>[Originally Santa Clara Superior Court Case No. 23CV409957] |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO THE CLERK OF THAT COURT:

PLEASE TAKE NOTICE that J. Crew Group, LLC ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes the above-captioned action ("Action") from the Superior Court of California, County of Santa Clara to the United States District Court for the Northern District of California.

## I.  INTRODUCTION

1. This Action is properly removed to this Court pursuant to 28 U.S.C.A. § 1441 because this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), in that this Action is a civil action in which the alleged amount in controversy exceeds the sum of $5,000,000 exclusive of costs and interest, has more than 100 members in the proposed putative class, and is between citizens of different states.

## II.  BACKGROUND

2. On January 10, 2023, Plaintiffs Dani Calderon and Evguenia Babaeva ("Plaintiffs"), purportedly on behalf of themselves and all others similarly situated, filed a civil action in the Superior Court of California, County of Santa Clara, entitled *Calderon et al. v. J. Crew Group, LLC*, Case No. 23CV409957 ("Complaint"). (See Exhibit A for the Complaint.) Defendant executed a Notice and Acknowledgment of Receipt—Civil on March 9, 2023, effectuating service pursuant to § 415.30 of the California Code of Civil Procedure.

3. The Complaint, styled as a class action, purports to bring claims for: (1) violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq.; (2) violation of the California's False Advertising Law ("FAL"), Cal. Civ. Code §§ 17500, et seq.; (3) violation of the California's Unfair Competition Law ("UCL"), Cal. Civ. Code § 17200; (4) Fraud; and (5) Unjust Enrichment or Restitution (In the Alternative). (Complaint ¶¶ 61-113.) Plaintiffs allege that Defendant deceives consumers by making false or misleading statements regarding comparable value reference pricing on clothing it sells.

4. Plaintiffs purport to bring this action on behalf of a putative nationwide class of "all consumers who purchased the Products during the applicable statute of limitations period…in the United

States." (*Id*. ¶ 51.) Plaintiffs purport to bring this action on behalf of a putative subclass defined as "all class members who purchased the Products in California." (*Id*. ¶ 52.)

5. Nothing in this Notice of Removal should be interpreted as a concession of liability, the appropriateness of venue, the appropriateness of class treatment, Plaintiffs' class definition, or the validity of Plaintiffs' claims for relief. Defendant reserves the right to supplement and amend this Notice of Removal.

**III.   REQUIREMENTS FOR REMOVAL UNDER CAFA**

6. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332 and 1453. Under CAFA, a district court shall have original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed putative classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of Plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2, 5). Because this action meets each of CAFA's requirements, it may be removed to federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.").

**IV.   THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED**

   **A.   The Number of Proposed Class Members Exceeds 100**

7. According to Plaintiffs' Complaint, the putative class comprises "thousands of consumers," consisting of all J. Crew customers nationwide who have purchased any product at a discount in-store or online during the limitations period, which, under the UCL, is four years. Cal.Bus. & Prof.Code § 17208. (Complaint ¶¶ 51-51, 54.)

8. Thus, the size of the putative class well exceeds 100 members.

   **B.   The Amount in Controversy Exceeds $5 Million**

9. Defendant denies Plaintiffs' substantive allegations, the appropriateness of class treatment, and that Plaintiffs are entitled to any of the relief sought in the Complaint, and do not waive any defense with respect to any of Plaintiffs' claims. Nonetheless, the amount in controversy is determined by accepting Plaintiffs' allegations as true. *See Cain v. Hartford Life & Accident Ins. Co*., 890 F. Supp. 2d

1246, 1249 (C.D. Cal. 2012) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the Plaintiffs on all claims made in the complaint.").

10. Case law is clear that "the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the Plaintiffs or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549-50, (2014) (citations omitted); see also *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227-28 (9th Cir. 2019) (the pleading "need not contain evidentiary submissions.") (quoting *Dart*); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (same); Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2016) § 2:2395, at 2D-30 ("[D]efendant may simply allege in its notice of removal that the jurisdictional threshold has been met and discovery may be taken with regard to that question."); *id*. § 2:3435, at 2D-172 – 173 ("Defendant's notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"); *Leflar v. Target Corp.*, 57 F.4th 600, 603 (8th Cir. 2023) ("At step one, the pleading stage, the test is whether "the notice of removal plausibly alleges" that the case might be worth more than $5 million.") (citation omitted.).  Further, CAFA's legislative history indicates that even if the Court "is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case." Senate Report on the Class Action Fairness Act of 2005 Dates of Consideration and Passage, S. Rep. 109-14.

11. Plaintiffs purport to seek "disgorgement and restitution of all revenues wrongly obtained as a result of Defendant's unfair competition…" in the form of "monetary damages, including treble damages," as well as "punitive damages." (Compl. ¶ 100; Prayer for Relief ¶ (d-e).)  Here, Defendant's nationwide sales (in-store and online) over the last four years readily exceeds $5 million.[1]

---

[1] Again, a removing defendant's notice of removal "need not contain evidentiary submissions" but only plausible allegations of the jurisdictional elements.  *Ehrman*, 932 F.3d at 1227-28 (accepting the defendant's amount-in-controversy allegations); see also ¶ 10, *supra*.  Of course, to the extent this Court questions the amount in controversy, Defendant would be pleased to provide a declaration.

12.     The attorney's fees and injunctive relief requested by Plaintiffs (Prayer for Relief ¶ (c), (f)) increase the amount in controversy far above the minimum requirement. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (noting that the "amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees."); *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of 10 the common fund); *Tompkins v. Basic Research LLC*, No. 5-08-244, 2008 WL 71808316, at *4 & n.9 (E.D. Cal. Apr. 22, 2008) (noting that under CAFA, the amount in controversy includes defendants' potential cost of compliance with a request for injunctive relief); *see also* James Wm. Moore et al., Moore's Federal Practice's 102.26(c)(iii) (3d ed. 2010) ("The amount in controversy in CAFA cases may be determined on the basis of the aggregate value to either the Plaintiffs class members or to the defendants").

### C.     Minimum Diversity Exists

13.     Diversity exists for purposes of removal under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). "[T]he term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

14.     Plaintiffs are allegedly residents of California. (Complaint ¶¶ 12, 16.)

15.     The Complaint alleges that J. Crew Group, LLC is a limited liability company with its principal place of business in New York, New York. (Complaint ¶ 20.) Defendant submits that J. Crew Group, LLC is organized under the laws of the state of Delaware. Thus, under 28 U.S.C. § 1332(d)(10), Defendant is a citizen of New York and Delaware.

16.     Ordinarily, for purposes of diversity jurisdiction, an unincorporated association has the citizenships of all of its members. *See Johnson v. Columbia Props. Anchorage, LP.*, 437 F.3d 894, 899 (9th Cir. 2006). However, the "exception to this rule is for class actions brought pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(10)." *Moss v. Infinity Ins. Co.*, 2015 WL 7351395, at *2 (N.D. Cal. Nov. 20, 2015). CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes. *See Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032 n.13 (9th Cir. 2009) (A. Kleinfeld, concurring) ("For qualifying class actions such as this

one, CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes ….").

17. For purposes of diversity jurisdiction under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). *See also Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) ("Certain aspects of CAFA, it is true, evidence Congress's intent that the district courts' jurisdiction vis-a-vis certain kinds of actions be broadened rather than restricted. For example … under § 1332(d)(10), 'an unincorporated association [is] ... deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized,' which departs from the rule that frequently destroys diversity jurisdiction, that 'a limited partnership's [or unincorporated association's] citizenship for diversity purposes can be determined only by reference to all of the entity's members'"); *Kim v. Shellpoint Partners, LLC*, 2016 WL 1241541, at *5 (S.D. Cal. Mar. 30, 2016) ("For CAFA's purposes, [defendant] is a citizen both of the state where it has its principal place of business and the state under whose laws it is organized. See 28 U.S.C. § 1332(d)(10)."). To determine the principal place of business for diversity purposes, the appropriate test is the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

18. The diversity requirement is clearly satisfied here because Plaintiffs are California residents, and, for purposes of CAFA diversity, Defendant is a citizen of New York and Delaware. 28 U.S.C. § 1332(d)(2).

### D. No CAFA Exceptions Apply

19. The Action does not fall within any of exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiffs have the burden of proving otherwise. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction").

## V. THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

20. Removal to this judicial district and division is proper under 28 U.S.C. §§ 1441(a), 1446(a), because the Superior Court of the State of California for the County of Santa Clara is located within the Northern District of California.

21. This Notice of Removal is timely because it was filed within thirty days of March 9, 2023, the date on which Plaintiffs served the Complaint. 28 U.S.C. § 1446(b).

22. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons, Complaint, Civil Cover Sheet, Civil Lawsuit Notice, Order Deeming Case Complex and Staying Discovery and Responsive Pleading Deadline, and Notice and Acknowledgment of Receipt—Civil are attached as Exhibit A.

23. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal and all documents in support thereof and concurrently therewith are being filed with the Clerk of the Superior Court for the County of Santa Clara. Written notice of the filing of this Notice of Removal is being served upon counsel for Plaintiffs.

## VI. CONCLUSION

Defendant respectfully submits that this action is removed properly pursuant to the Class Action Fairness Act.

Dated: April 7, 2023

Respectfully submitted,

*s/ Meegan B. Brooks*
STEPHANIE SHERIDAN (CA 135910)
MEEGAN B. BROOKS (CA 298570)
Benesch, Friedlander, Coplan & Aronoff LLP

Attorneys for Defendant
J. CREW GROUP, LLC