**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

E-FILED
1/10/2023 4:29 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
23CV409957
Reviewed By: M. Bui
Envelope: 10895526

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
J. CREW GROUP, LLC,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DANI CALDERON and EVGUENIA BABAEVA, individually and on behalf of all other persons similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of the State of California

County of Santa Clara, 191 North First Street, San Jose, CA 951 13

CASE NUMBER:
*(Número del Caso):* **23CV409957**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Neal J. Deckant, Bursor & Fisher, P.A., 1990 N. California Blvd., Suite 940, Walnut Creek, CA 94596, Tel.: (925) 300-4455

DATE:
*(Fecha)* 1/10/2023 4:29 PM   Clerk of Court   Clerk, by
*(Secretario)* M. Bui   , Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* J. Crew Group, LLC

   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Neal J. Deckant, State Bar No. 322946
Bursor & Fisher, P.A., 1990 N. California Blvd., Suite 940, Walnut Creek, CA 94596

TELEPHONE NO.: (925) 300-4455      FAX NO. (Optional): (925) 407-2700
E-MAIL ADDRESS: ndeckant@bursor.com
ATTORNEY FOR (Name): Plaintiffs Dani Calderon and Evguenia Babaeva

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 1/10/2023 4:29 PM
Reviewed By: M. Bui
Case #23CV409957
Envelope: 10895526**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, 95113
BRANCH NAME: Old Courthouse

CASE NAME:
Dani Calderon, et al. v. J. Crew Group, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 23CV409957 |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000)    [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[x] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [x] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (specify): Five
5. This case [x] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 10, 2023

Neal J. Deckant
_____
(TYPE OR PRINT NAME)

▶ *Mal Dean*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form     Save this form     Clear this form

E-FILED
1/10/2023 4:29 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
23CV409957
Reviewed By: M. Bui

1

**BURSOR & FISHER, P.A.**
Neal J. Deckant (State Bar No. 322946)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ndeckant@bursor.com

**BURSOR & FISHER, P.A.**
Matthew A. Girardi (*pro hac vice* forthcoming)
Julian C. Diamond (*pro hac vice* forthcoming)
888 Seventh Ave.
New York, NY 10019
Telephone: (646) 837-7142
Facsimile: (212) 989-9163
Email: mgirardi@bursor.com
        jdiamond@bursor.com

*Attorneys for Plaintiff*

### THE SUPERIOR COURT OF CALIFORNIA

### COUNTY OF SANTA CLARA

|  |  |
|---|---|
| DANI CALDERON and EVGUENIA BABAEVA, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>J. CREW GROUP, LLC,<br><br>Defendant. | Case No.: 23CV409957<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1

2

3

4

5

6

        Plaintiffs Dani Calderon and Evguenia Babaeva (collectively, "Plaintiffs") bring this action

individually and on behalf of all others similarly situated against Defendant J. Crew Group, LLC

("Defendant" or "J. Crew").  Plaintiffs make the following allegations pursuant to the investigation

of their counsel and based upon information and belief, except as to the allegations specifically

pertaining to themselves, which are based on personal knowledge.

7

### NATURE OF THE ACTION

8

9

10

11

12

13

1.      Defendant is a retail clothing giant that operates hundreds of retail clothing stores

throughout the United States.  Two of Defendant's largest divisions are J. Crew ("JC") and J. Crew

Factory ("JCF").  JC and JCF offer clothing of similar styles, with the two main differences being

quality and price.  JC clothing is of a higher price and quality (*e.g.*, material, stitching,

construction, etc.) than JCF clothing.

14

15

16

2.      The clothing sold at JC and JCF have similar labeling and logos.  For example, on

clothing tags, JCF clothing is only distinguishable visually from JC by two small dots, as shown in

the screenshots below.

17

18

19

20

21

22

23

24

25



26

27

28

3.      Consumers actively seek out bargains and discounted items when making

purchasing decisions.  Retailers, including Defendant, are well aware of consumers' susceptibility

to such perceived bargains.  Products perceived by consumers to be discounted, however, are not

always actual bargains.  In an effort to give off the appearance of a bargain, Defendant intentionally misleads consumers as to the quality and value of the merchandise available on its website and in its retail stores (the "Products") through its deceptive sales tactics.

4.    When consumers visit Defendant's JCF retail locations, or visit the JCF online store (which are separate and distinct from those for JC), they are bombarded with purported "comparable value" prices on all of Defendant's Products, including on clothing tags, in-store adverts, and in the online marketing.  **Every** item sold either in-store at a JCF retail location or on the JCF website has a listed "comparable value" as illustrated in the below examples:

 

(Photographs taken by Plaintiffs' Counsel at a JCF retail location in Clinton, Connecticut.  Upon information and belief, the "comparable value" pricing utilized by Defendant are uniform representations made at all JCF retail locations nationwide).





(Screenshots from the JCF website, https://factory.jcrew.com)

5.      However, Defendant fails to provide consumers with any information upon which such "comparable value" prices and savings are based.  Upon information and belief, the "comparable values" displayed correspond to prices for other, higher quality products at JC, not JCF.  JCF clothing is *never* sold at the "comparable value" price listed.  Further, the JCF products are not comparable to JC clothing because JC clothing is of a higher quality (*e.g.*, material, stitching, construction, etc.) than JCF clothing.

6.      It is well-established that false reference pricing violates state and federal law. Nonetheless, Defendant employs inflated, fictitious reference prices for the sole purpose of increasing its sales.  Defendant engages in this deceptive practice to deceive consumers, including Plaintiffs, into believing they are receiving a bargain on their purchases to induce them into making purchases they otherwise would not have made.

7.      As a direct and proximate result of Defendant's false and misleading sales practices, Plaintiffs and members of the Class, as defined herein, were induced into purchasing the Products under the false premise that they were of a higher grade, quality, or value than they actually were.

8.      Plaintiffs seek relief in this action individually, and on behalf of all purchasers of the Products for violations of the California Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq.*, Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*, False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.*, fraud, and unjust enrichment. Through this action, Plaintiffs seek to enjoin Defendant from its false and deceptive sales practices, and seek to obtain actual and statutory damages, restitution, injunctive relief, and reasonable attorneys' costs and fees.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURISDICTION AND VENUE**

9.      This Court has jurisdiction over this action pursuant to Cal. Code Civ. Proc. §
410.10 and Cal. Bus. & Prof. Code §§ 17203-17204, 17604.  This action is brought as a class
action on behalf of Plaintiffs and Class members pursuant to Cal. Code Civ. Proc. § 382.

10.     This Court has personal jurisdiction over Defendant because events giving rise to
the cause of action occurred as a result of Defendant's purposely directed contacts with California.
Defendant purposely sold the Products that gave rise to the cause of action in California.
Defendant's misrepresentations about the Products were purposely directed to the State of
California, and Plaintiffs viewed and relied upon these representations in this state.  Further,
Defendant conducts and transacts business in this state and contracts to supply goods within this
state.

11.     Venue is proper in this Court pursuant to Cal. Code Civ. Proc. §§ 395 and 395.5
because Plaintiff Babaeva resides in this County and both Plaintiffs reside in this state, and a
substantial portion of the events giving rise to the cause of action occurred in this state.  Plaintiff
Babaeva purchased the Products and suffered her primary injury in this district.

**PARTIES**

12.     Plaintiff Dani Calderon, is an individual consumer who, at all times material hereto,
was a citizen and resident of Castro Valley, California.

13.     Ms. Calderon made multiple clothing purchases from Defendant's retail locations
(collectively, the "Products").  Before purchasing the Products, Ms. Calderon reviewed information
about the Products, including Defendant's uniform representations that the Products were being
offered at a discounted "sale" price relative to a false "comparable value" price that was higher
than the advertised "sale" price for each of the Products.  When purchasing the Products, Ms.
Calderon also reviewed the accompanying labels, disclosures, warranties, and marketing materials,

1   and understood them as representations and warranties by Defendant that the Products were

2   ordinarily offered at a higher price and that the Products had a legitimate "comparable value" that

3   was higher than the sale price.

4       14.     Ms. Calderon relied on Defendant's false, misleading, and deceptive representations

5   and warranties about the Products in making her decision to purchase the Products. Accordingly,

6   these representations and warranties were part of the basis of the bargain, in that she would not

7   have purchased the Products, or would not have paid as much for the Products, had she known

8   Defendant's representations were not true. Defendant's representations about its Products are false

9   and misleading because they induce consumers into believing that they are purchasing Products of

10  a higher value and quality than they actually are.

11      15.     Had Ms. Calderon known the truth—that the representations she relied upon in

12  making her purchase were false, misleading, and deceptive—she would not have purchased the

13  Products or would have paid less for the Products. Ms. Calderon did not receive the benefit of her

14  bargain because Defendant's Products were not of the represented quality and value. Ms. Calderon

15  understood that each purchase involved a direct transaction between herself and Defendant because

16  the Products she purchased came with packaging, labeling, and other materials prepared by

17  Defendant, including representations and warranties regarding the advertised claims.

18      16.     Plaintiff Evguenia Babaeva is an individual consumer who, at all times material

19  hereto, was a citizen and resident of San Jose, California.

20      17.     Ms. Babaeva made multiple clothing purchases from Defendant's online store

21  (collectively, the "Products"). Before purchasing the Products, Ms. Babaeva reviewed information

22  about the Products, including Defendant's uniform representations that the Products were being

23  offered at a discounted "sale" price relative to a false "comparable value" price that was higher

24  than the advertised "sale" price for each of the Products. When purchasing the Products, Ms.

Babaeva also reviewed the accompanying labels, disclosures, warranties, and marketing materials, and understood them as representation and warranties by Defendant that the Products were ordinarily offered at a higher price and that the Products had a legitimate "comparable value" that was higher than the sale price.

18.     Ms. Babaeva relied on Defendant's false, misleading, and deceptive representations and warranties about the Products in making her decision to purchase the Products.  Accordingly, these representations and warranties were part of the basis of the bargain, in that she would not have purchased the Products, or would not have paid as much for the Products, had she known Defendant's representations were not true.  Defendant's representations about its Products are false and misleading because they induce consumers into believing that they are purchasing Products of a higher value and quality than they actually are.

19.     Had Ms. Babaeva known the truth—that the representations she relied upon in making her purchase were false, misleading, and deceptive—she would not have purchased the Products or would have paid less for the Products.  Ms. Babaeva did not receive the benefit of her bargain, because Defendant's Products were not of the represented quality and value.  Ms. Babaeva understood that each purchase involved a direct transaction between herself and Defendant, because the Products she purchased came with packaging, labeling, and other materials prepared by Defendant, including representations and warranties regarding the advertised claims.

20.     Defendant, J. Crew Group, LLC, is a corporation with its principal place of business in New York, New York.  Defendant manufactures, markets, and advertises and distributes its Products under the JCF brand throughout the United States, including California.  Defendant manufactured, marketed, and sold the Products during the relevant Class Period.  The planning and execution of the advertising, marketing, labeling, packaging, testing, and/or business operations concerning the Products were primarily or exclusively carried out by Defendant.

## FACTUAL BACKGROUND

21.     Defendant manufactures, markets, sells, and distributes its clothing under the JCF brand throughout the United States, including California, both through retail locations and its online e-commerce store.

### *State And Federal Pricing Guidelines*

22.     California law provides clear guidelines as to permissible and unlawful sales tactics:

> For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.
>
> No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

Bus. & Prof. Code § 17501.

23.     Additionally, California law expressly prohibits making false or misleading statements of fact "concerning reasons for, existence of, or amounts of price reductions."  *See* Cal. Civ. Code § 1770(a)(13).

24.     The Federal Trade Commission ("FTC") provides retailers with additional guidance as to permissible and unlawful sales tactics.  *See* 16 CFR § 233.

25.     The FTC provides the following guidance on former price comparisons:

> One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. **If, on the other hand, the former price being advertised is not bona fide but fictitious - for**

> example, where an artificial, inflated price was established for
> the purpose of enabling the subsequent offer of a large reduction
> - the "bargain" being advertised is a false one; the purchaser is
> not receiving the unusual value he expects. In such a case, the
> "reduced" price is, in reality, probably just the seller's regular
> price.

16 CFR § 233.1(a) (emphasis added).

26.     The FTC further provides that "[t]he advertiser should be especially careful […] that

the price is one at which the product was openly and actively offered for sale, for a reasonably

substantial period of time, in the recent, regular course of his business, **honestly and in good faith**

**- and, of course, not for the purpose of establishing a fictitious higher price on which a**

**deceptive comparison might be based**."  16 CFR § 233.1(b) (emphasis added).

27.     The FTC also provides retailers with guidance as to retail price comparison:

> Another commonly used form of bargain advertising is to offer goods
> at prices lower than those being charged by others for the same
> merchandise in the advertiser's trade area (the area in which he does
> business). This may be done either on a temporary or a permanent
> basis, but in either case **the advertised higher price must be based**
> **upon fact, and not be fictitious or misleading.** Whenever an
> advertiser represents that he is selling below the prices being charged
> in his area for a particular article, he should be reasonably certain
> that the higher price he advertises does not appreciably exceed the
> price at which substantial sales of the article are being made in the
> area - that is, a sufficient number of sales so that a consumer would
> consider a reduction from the price to represent a genuine bargain or
> saving.

16 CFR § 233.2(a) (emphasis added).

28.     Federal regulations further provide:

> A closely related form of bargain advertising is to offer a reduction
> from the prices being charged either by the advertiser or by others in
> the advertiser's trade area **for merchandise of like grade and quality**
> **– in other words, comparable or competing merchandise – to that**
> **being advertised.**  Such advertising can serve a useful and legitimate
> purpose when it is made clear to the consumer that a comparison is
> being made with other merchandise and **the other merchandise is, in**
> **fact, of essentially similar quality and obtainable in the area.**

16 CFR § 233.2(c) (emphasis added).

29.     Essentially, federal and state law provides that sales practices should be offered in good-faith and accurately reflect the price at which comparable products are sold in the market.

### *Defendant's Deceptive Sales Practices*

30.     Defendant sells its JCF Products both at brick-and-mortar retail locations and on its online store.

31.     In an effort to increase sales, Defendant engages in a pervasive online marketing scheme to artificially inflate the prices of its Products for the sole purpose of marking them at a discounted "sale" price relative to a "comparable value" price.  Defendant is aware that consumers typically lack material information about a product and often rely on information from sellers when making purchasing decisions, especially when a products' quality or value is difficult to discern.[1]

32.     Defendant has multiple methods of deceiving consumers into believing that they are receiving a bargain on the items they purchase.

33.     First, Defendant utilizes a fictitious "comparable value" reference price. The Products are never sold at this "comparable value" price.  Defendant further fails to provide consumers with any information upon which such prices are based.  While such prices may, upon information and belief, be based upon products sold at its JC stores, such a comparison would still be deceptive because Defendant's JC items are of a much higher quality than JCF items.  This practice accompanies **every** JCF product sold, both in-store and online.

---

[1] *Information and Consumer Behavior*, Phillip Nelson, Journal of Political Economy 78, no. 2, p. 311-312 (1970) ("Not only do consumers lack full information about the price of goods, but their information is probably even poorer about the quality variation of products simply because the latter information is more difficult to obtain.").




(Photographs taken by Plaintiffs' Counsel at a JCF retail location in Clinton, Connecticut).

34.     On the JCF website, this false reference price is struck-through and accompanied by a purported "sav[ings]" percentage.  Above this fictitious reference price is a lower purported "sale" price.  This practice accompanies **every** JCF product sold online.





(Screenshots from the JCF website, https://factory.jcrew.com)

35.     The "Comparable value" reference price listed by Defendant is a purely fictitious price not based on comparable sales offerings in the market.  Instead, this fictitious price is merely offered for the purpose of deceiving consumers into believing they are receiving a bargain for their purchases, which may be based on higher-quality JC items, not JCF items.

36.     In short, Defendant's sales tactics are not offered in good faith and are made for the sole purpose of deceiving and inducing consumers into purchasing products they otherwise would not have purchased.

### Plaintiffs' Purchase History

37.     Plaintiff Calderon made multiple purchases from Defendant's Livermore, California JCF retail location, including jeans, shirts, and shorts.  Plaintiff Calderon's most recent purchase was in June 2022.

1

38.     Plaintiff Babaeva made multiple purchases from both Defendant's San Jose,

2

California JCF retail location and from the JCF online store, including pants, shirts, cardigans, top,

3

blazers and tank tops.

4

39.     Two of Plaintiff Babaeva's purchased items from the JCF website can still be found

5

on the website, and each item still lists a fictitious "compare" price over six months later:[2]

6

7



8

9

10

11

12

13

14

15

16

17



18

19

20

21

22

23

24

25

26

27

28

---

[2] Results from searching item reference numbers and comparing with purchase receipt. Colors and names of items may or may not match.

CLASS ACTION COMPLAINT                                                                    13

40.     Although the pricing may fluctuate from time to time, Defendant's Products have uniformly **never** been offered at the fictitious "comparable value" prices that Defendant lists, including within the last 90 days.  Such findings were confirmed for the two above items through the use of a sophisticated price-tracking software, as well as for numerous items on the JCF website randomly selected by Plaintiffs' counsel.

41.     Moreover, such a comparison price does not reflect those prices being charged by others for merchandise of a similar quality in the Defendant's trade area.

42.     In reality, the "compare" price are entirely fabricated by Defendant to give off the appearance of a bargain.  Defendant intentionally misled Plaintiffs, as well as other consumers, into believing that its JCF products are worth and are ordinarily offered at a higher price, and are of a "comparable value" to its JC products, which they are not.

43.     Plaintiffs reasonably relied on Defendant's representations that its JCF products are worth and are ordinarily offered at a higher price, and are of a "comparable value" to higher value products, which they are not.  If Plaintiffs had known the truth—i.e. that the Products were not being offered at discounted prices relative to a "comparable value," but rather, at the prices at which they were worth and typically offered, they would have not purchased the Products.

44.     Defendant further represents a purported "% off" amount consumers purchasing JCF products online.  However, upon information and belief, **none** of Defendant's items, including the items purchased by Plaintiff Babaeva, have ever been sold at the reference "comparable value" price upon which the purported "% off" is based, including within the last 90 days.  Such findings were confirmed for Plaintiffs' purchased Products where such products were locatable on the JCF website through the use of a sophisticated price-tracking software, as well as for numerous items on the JCF website randomly selected by Plaintiffs' counsel.

45.     Plaintiff Babaeva reasonably relied on Defendant's representation that she was receiving a "% off" on her purchased Products.  If Plaintiff Babaeva had known the truth—i.e., that the Product was not being offered at a discounted "% off" price, but rather, at the price at which it is typically offered, she would not have purchased the Products from the JCF website.

46.     Defendant's advertised false reference prices and advertised false discounts were material misrepresentations and inducements to Plaintiffs' purchases.

47.     Plaintiffs were harmed as a direct and proximate result of Defendant's acts and omissions.

48.     Defendant commits the same unfair and deceptive sales practices for **all** of its Products as described above.

49.     Plaintiffs and members of the Class are not receiving the bargain or value that Defendant has misled them to believe.

## **CLASS ALLEGATIONS**

50.     Plaintiffs bring this matter on behalf of themselves and those similarly situated.  As detailed at length in this Complaint, Defendant orchestrated deceptive sales practices.  Defendant's customers were uniformly impacted by and exposed to this misconduct.  Accordingly, this Complaint is uniquely situated for class-wide resolution, including injunctive relief.

51.     The Class is defined as all consumers who purchased the Products during the applicable statute of limitations period (the "Class Period") in the United States (the "Class").

52.     Plaintiffs also seek to represent a subclass defined as all class members who purchased the Products in California (the "California Subclass").[3]

---

[3] The Class and California Subclass are hereinafter collectively referred to as the "Classes."

53.     Plaintiffs reserve the right to expand, limit, modify, or amend the class definitions, including the addition of one or more subclasses, in connection with their motion for class certification, or at any other time, based on, inter alia, changing circumstances and new facts obtained.

54.     The Classes are properly brought and should be maintained as a class action under Cal. Code Civ. Proc. § 382, satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

55.     <u>Numerosity</u>: Class Members are so numerous that joinder of all members is impracticable.  Plaintiffs believe that there are thousands of consumers who are Class Members described above who have been damaged by Defendant's deceptive and misleading practices.

56.     <u>Commonality</u>: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

(a)     Whether Defendant is responsible for the conduct alleged herein, which was uniformly directed at all consumers who purchased the Products;

(b)     Whether Defendant's misconduct set forth in this Complaint demonstrates that Defendant engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of the Products;

(c)     Whether Defendant made false and/or misleading statements concerning the Products that were likely to deceive a reasonable consumer and/or the public;

(d)     Whether Plaintiffs and the Class and Subclass are entitled to injunctive relief;

(e)     Whether Plaintiffs and the Class and Subclass are entitled to money damages under the same causes of action as the other Class Members.

57.     Typicality: Plaintiffs are members of the Classes they seek to represent.  Plaintiffs' claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive, misleading conduct and purchased Defendant's Products.  Plaintiffs are entitled to relief under the same causes of action as the other Class Members.

58.     Adequacy: Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of the Class members they seek to represent; their consumer fraud claims are common to all other members of the Classes and they have a strong interest in vindicating their rights; they have retained counsel competent and experienced in complex class action litigation and they intend to vigorously prosecute this action.  Plaintiffs have no interests which conflicts with those of the Classes.  The Class Members' interests will be fairly and adequately protected by Plaintiffs and their counsel.  Defendant has acted in a manner generally applicable to the Classes, making relief appropriate with respect to Plaintiffs and the Class Members.  The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

59.     Further, a class action is superior to any other available method for the fair and efficient adjudication of this controversy since individual joinder of all Class Members is impracticable.  Additionally, the expense and burden of individual litigation would make it difficult or impossible for the individual Class Members to redress the wrongs done to them, especially given the costs and risks of litigation as compared to the benefits that may be attained.  Even if the Class Members could afford individualized litigation, the cost to the court system would be substantial and individual actions would also present the potential for inconsistent or contradictory

1    judgments.  By contrast, a class action presents fewer management difficulties and provides the

2    benefit of single adjudication and comprehensive supervision by a single forum.

3         60.    Finally, Defendant has acted or refused to act on grounds generally applicable to the

4    entire Class, thereby making it appropriate for this Court to grant final injunctive relief and

5    declaratory relief with respect to the Class as a whole.

6

7                                    **COUNT I**
                    **Violation of Consumer Legal Remedies Act**
8                   **("CLRA") Civil Code §§ 1750, _et seq._**

9         61.    Plaintiffs and Class Members reallege and incorporate by reference each allegation

10   set forth above as if fully set forth herein.

11        62.    Plaintiffs bring this claim individually and on behalf of members of the California

12   Subclass against Defendant.

13

14        63.    This cause of action is brought pursuant to California's Consumers Legal Remedies

15   Act, Cal. Civ. Code §§ 1750-1785 (the "CLRA").

16        64.    Plaintiffs and members of the California Subclass are consumers who purchased

17   Defendant's Products for personal, family, or household purposes.  Accordingly, Plaintiffs and

18   members of the California Subclass are "consumers," as the term is defined by Cal. Civ. Code §

19   1761(d).

20
     65.    At all relevant times, Defendant's Products constituted "goods," as that term is
21
     defined in Cal. Civ. Code § 1761 (a).
22

23        66.    At all relevant times, Defendant was a "person," as that term is defined in Cal. Civ.

24   Code § 1761(c).

25        67.    At all relevant times, Plaintiffs' purchases of Defendant's Products, and the

26   purchases of other California Subclass members, constituted "transactions," as that term is defined

27   in Cal. Civ. Code § 1761 (e).

28

---

CLASS ACTION COMPLAINT                                                                          18

68.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purposes of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

69.     The policies, acts, and practices described in this Complaint were intended to and did result in the sale of Defendant's Products to Plaintiffs and the California Subclass.  Defendant's practices, acts, policies, and course of conduct violated the CLRA § 1750 *et seq.*, as described above.

70.     Defendant advertised goods or services with the intent not to sell them as advertised in violation of California Civil Code § 1770(a)(9).

71.     Defendant made false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions, in violation of California Civil Code § 1770(a)(13).

72.     Defendant violated California Civil Code §§ 1770(a)(9) and (a)(13) by representing that its JCF Products are worth and are ordinarily offered at higher fictitious "comparable value" prices, are of a "comparable value" to its JC products (which they are not), and/or that they are offered at fictitious "% off" sale prices.

73.     Plaintiffs and members of the California Subclass suffered injuries caused by Defendant's misrepresentations because (a) Plaintiffs and members of the California Subclass would not have purchased the Products on the same terms if they had known the true facts; (b) Plaintiffs and members of the California Subclass paid a price premium due to the mislabeling of Defendant's Products; and (c) Defendant's Products did not have the level of quality or value as promised.

74.     Prior to the filing of this Complaint, CLRA notice letters on behalf of each Plaintiff were served on Defendant.  The notice letters comply in all respects with California Civil Code §

1782(a).  On October 31, 2022, Plaintiff Calderon sent Defendant a letter via certified mail, return

receipt requested, advising Defendant that they are in violation of the CLRA and must correct,

repair, replace or otherwise rectify the goods alleged to be in violation § 1770.  Plaintiff Babaeva

sent a letter advising Defendant of same on November 21, 2022.  Wherefore, Plaintiffs seek

damages, restitution, and injunctive relief for this violation of the CLRA.

### COUNT II
### Violation of False Advertising Law
### ("FAL") Business & Professions Code §§ 17500, *et seq.*

75.     Plaintiffs and Class Members reallege and incorporate by reference each allegation

set forth above as if fully set forth herein.

76.     Plaintiffs bring this claim individually and on behalf of the members of the

California Subclass against Defendant.

77.     California's FAL, (Bus. & Prof. Code §§ 17500, *et seq.*) makes it "unlawful for any

person to make or disseminate or cause to be made or disseminated before the public in this

state,…in any advertising device…or in any other manner or means whatever, including over the

Internet, any statement, concerning…personal property or services, professional or otherwise, or

performance or disposition thereof, which is untrue or misleading and which is known, or which by

the exercise of reasonable care should be known, to be untrue or misleading."

78.     California's FAL further provides that "no price shall be advertised as a former

price of any advertised thing, unless the alleged former price was the prevailing market

price…within three months next immediately preceding the publication of the advertisement or

unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously

stated in the advertisement."  *See* Cal. Bus. & Prof. Code § 17501.

79.     Defendant violated California's FAL by representing that its JCF Products are worth

and are ordinarily offered at a higher fictitious "comparable value" price, are of a "comparable

value" to its JC products (which they are not), and/or that they are offered at a fictitious "% off"

sale price. Such advertised strikethrough, "% off," and "comparable value" prices never reflected

the prevailing market price of those Products and were materially greater than the true prevailing

prices. Such a deceptive marketing practice misled consumers by creating a false impression that

the Products were of a higher value and worth more than their actual worth.

80.     Defendant's actions in violation of § 17500 were false and misleading such that the

general public was likely to be deceived.

81.     As a direct and proximate result of these acts, consumers have been and are being

harmed. Plaintiffs and members of the California Subclass have suffered injury and actual out-of-

pocket losses because: (a) Plaintiffs and members of the California Subclass would not have

purchased the Products if they had known the true facts regarding the value and prevailing market

price of the Products; (b) Plaintiffs and members of the California Subclass paid a price premium

due to the misrepresentations about the Products; and (c) the Products did not have the promised

quality or value.

82.     Plaintiffs bring this action pursuant to § 17535 for injunctive relief to enjoin the

practices described herein and to require Defendant to issue corrective and disclosures to

consumers. Plaintiffs and members of the California Subclass are therefore entitled to: (a) an order

requiring Defendant to cease the acts of unfair competition alleged herein; (b) full restitution of all

monies paid to Defendant as a result of its deceptive practices; (c) interest at the highest rate

allowable by law; and (d) the payment of Plaintiffs' attorneys' fees and costs.

### COUNT III
### Violation of Unfair Competition Law
### Business & Professions Code §§ 17200, *et seq.*

83.     Plaintiffs and Class Members reallege and incorporate by reference each allegation

set forth above as if fully set forth herein.

84.     Plaintiffs bring this claim individually and on behalf of the members of the California Subclass against Defendant.

85.     Defendant is subject to the UCL, Bus. & Prof. Code § 17200 *et seq.* The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising...." The UCL also provides for injunctive relief and restitution for violations.

86.     "By proscribing any unlawful business practice, § 17200 borrows violations of other laws and treats them as unlawful practices that the UCL makes independently actionable." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999) (citations and internal quotation marks omitted).

87.     Virtually any law or regulation—federal or state, statutory, or common law—can serve as a predicate for a UCL "unlawful" violation. *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1383 (2012).

88.     Defendant has violated the UCL's "unlawful prong" as a result of its violations of the CLRA, FAL, and federal regulations as described herein.

89.     Throughout the Class Period, Defendant committed acts of unfair competition, as defined by § 17200, by representing that its JCF Products are worth and are ordinarily offered at a higher fictitious "comparable value" price, are of a "comparable value" to its JC products (which they are not), and/or that they are offered at a fictitious "% off" sale price. Such advertised strikethrough, "% off," and "compare" prices never reflected the prevailing market price of those Products and were materially greater than the true prevailing prices. Such a deceptive marketing practice misled consumers by creating a false impression that the Products were of a higher value and worth more than their actual worth.

90.    As detailed above, the CLRA prohibits a business from "[a]dvertising goods or services with intent to not sell them as advertised."  Cal. Civ. Code § 1770(a)(9).

91.    Further, the CLRA prohibits a business from "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."  Cal. Civ. Code § 1770(a)(13).

92.    California law also expressly prohibits false reference price schemes.  Specifically, the FAL provides:

> For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.

Bus. & Prof. Code § 17501.

93. Federal regulations also provide:

> A closely related form of bargain advertising is to offer a reduction from the prices being charged either by the advertiser or by others in the advertiser's trade area **for merchandise of like grade and quality – in other words, comparable or competing merchandise – to that being advertised.**  Such advertising can serve a useful and legitimate purpose when it is made clear to the consumer that a comparison is being made with other merchandise and **the other merchandise is, in fact, of essentially similar quality and obtainable in the area.**

16 CFR § 233.2(c) (emphasis added).

94.    As described herein, the alleged acts and practices resulted in violations of federal and state law.

95.    Defendant's misrepresentations and other conduct, described herein, violated the "unfair prong" of the UCL because the conduct is substantially injuries to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.  Defendant's conduct is unfair in that the harm to Plaintiffs

and members of the California Subclass arising from Defendant's conduct outweighs the utility, if any, of those practices.

96.     Defendant's practices as described herein are of no benefit to consumers, who are tricked into believing that the Products are of a higher grade, quality, worth, and/or value than they actually are.  Defendant's practice of injecting misinformation into the marketplace about the value of its Products is unethical and unscrupulous, especially because consumers trust companies like Defendant to provide accurate information about their Products.  Taking advantage of that trust, Defendant misrepresents the value of its Products to increase its sales.  Consumers reasonably believe that Defendant is an authority on the value of clothing and therefore reasonably believe Defendant's representations that its Products are of a higher grade, quality, worth, and/or value than they actually are.

97.     Defendant's conduct described herein violated the "fraudulent" prong of the UCL by representing that the Products were of a higher grade, quality, worth, and/or value, when in fact they were not.

98.     Plaintiffs and members of the California Subclass are not sophisticated experts with independent knowledge of the value of clothing, and they acted reasonably when they purchased the Products based on their belief that Defendant's representations were true.

99.     Defendant knew or should have known, through the exercise of reasonable care, that its representations about the Products were untrue and misleading.

100.     As a direct and proximate result of these acts, consumers have been and are being harmed.  Plaintiffs and members of the California Subclass are entitled to preliminary and injunctive relief, as well as disgorgement and restitution of all revenues wrongfully obtained as a result of Defendant's unfair competition, or such portion of those revenues as the Court may find equitable.

1
2

<u>**COUNT IV**</u>
<u>**Fraud**</u>

3

    101.    Plaintiffs and Class Members reallege and incorporate by reference each allegation

4

set forth above as if fully set forth herein.

5

    102.    Plaintiffs bring this claim individually and on behalf of the members of the Class

6

and California Subclass against Defendant.

7
8

    103.    As discussed above, Defendant failed to disclose material facts about its sales

9

practices, including that its "sale" prices were the normal prices at which the Products were

10

typically sold, that its "comparable value," "% off," and strikethrough prices were fictitious, and

11

that these deceptive sales practices operated solely for the purpose of inducing consumers to make

12

purchases they otherwise would not have made.

13

    104.    These omissions made by Defendant, as described above, upon which Plaintiffs and

14

members of the Class and California Subclass reasonably and justifiably relied, were intended to

15

and actually did induce Plaintiffs and members of the Class and California Subclass to purchase the

16

Products.

17

    105.    The fraudulent actions of Defendant caused damage to Plaintiffs and members of

18

the Class and California Subclass, who are entitled to damages and other legal and equitable relief

19
20

as a result.

21
22

<u>**COUNT V**</u>
<u>**Unjust Enrichment or Restitution**</u>
<u>**(In the Alternative)**</u>

23
24

    106.    Plaintiffs and Class Members reallege and incorporate by reference each allegation

25

set forth above as if fully set forth herein.

26

    107.    Plaintiffs bring this claim individually and on behalf of the members of the Class

27

and California Subclass against Defendant.

28

108.    "Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences.  In all states, the focus of an unjust enrichment claim is whether the defendant was unjustly enriched.  At the core of each state's law are two fundamental elements – the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff.  The focus of the inquiry is the same in each state."  *In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. 46, 58 (D.N.J. Apr. 24, 2009), quoting *Powers v. Lycoming Engines*, 245 F.R.D. 226, 231 (E.D. Pa. 2007).

109.    Plaintiffs and members of the Class and California Subclass conferred a benefit on Defendant by purchasing the Products and by paying a price premium for them.

110.    Defendant has knowledge of such benefits.

111.    Defendant has been unjustly enriched in retaining the revenues derived from Class members' purchases of the Products, which retention under these circumstances is unjust and inequitable because it misrepresents that its JCF Products are worth and are ordinarily offered at a higher fictitious "comparable value" price, are of a "comparable value" to its JC products (which they are not), and/or that they are offered at a fictitious "% off" sale price.  Such advertised strikethrough, "% off," and "compare" prices never reflected the prevailing market price of those Products and were materially greater than the true prevailing prices.  Such a deceptive and unjust marketing practice misled consumers by creating a false impression that the Products were of a higher value and worth more than their actual worth.

112.    These misrepresentations caused injuries to Plaintiffs and Class and Subclass Members because they would not have purchased the Products if the true facts regarding the value of the Products were known.

113.    Because Defendant's retention of the non-gratuitous benefit conferred on it by Plaintiffs and Class and Subclass Members is unjust and inequitable, Defendant must pay restitution to Plaintiffs and the Class and Subclass Members for its unjust enrichment, as ordered by the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the members of the Class and Subclass, prays for judgment as follows:

(a)    Declaring this action to be a proper class action and certifying Plaintiffs as the representative of the Class and California Subclass, and Plaintiffs' attorneys as Class Counsel to represent the Class and California Subclass Members;

(b)    An order declaring Defendant's conduct violates the statutes referenced herein;

(c)    Entering preliminary and permanent injunctive relief against Defendant, directing Defendant to correct its sales practices and to comply with consumer protection statutes nationwide;

(d)    Awarding monetary damages, including treble damages;

(e)    Awarding punitive damages;

(f)    Awarding Plaintiffs and Class and Subclass Members their costs and expenses incurred in this action, including reasonable allowance of fees for Plaintiffs' attorneys and experts, and reimbursement of Plaintiffs' expenses; and

(g)    Granting such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims so triable.

1

Dated:  January 10, 2023            **BURSOR & FISHER, P.A.**

2

By: _____*/s/ Neal J. Deckant*_____
                    Neal J. Deckant

3

4

Neal J. Deckant (State Bar No. 322946)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ndeckant@bursor.com

5

6

7

**BURSOR & FISHER, P.A.**
Matthew A. Girardi (*pro hac vice* forthcoming)
Julian C. Diamond (*pro hac vice* forthcoming)
888 Seventh Ave.
New York, NY 10019
Telephone: (646) 837-7142
Facsimile:  (212) 989-9163
Email: mgirardi@bursor.com
          jdiamond@bursor.com

8

9

10

11

12

*Attorneys for Plaintiffs*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA  95113*

CASE NUMBER: <u>**23CV409957**</u>

## PLEASE READ THIS ENTIRE FORM

<u>*PLAINTIFF*</u> (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

<u>*DEFENDANT*</u> (The person sued):  **You must do each of the following to protect your rights:**

1.  You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2.  You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3.  You must attend the first Case Management Conference.

   **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

<u>*RULES AND FORMS:*</u>  You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

<u>*CASE MANAGEMENT CONFERENCE (CMC):*</u>  You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

   ***You or your attorney must appear at the CMC.***  *You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: <u>      Hon. Sunil R. Kulkarni      </u> Department:<u>      1      </u>

The 1st CMC is scheduled for:  (Completed by Clerk of Court)
   Date:<u>   05/18/23   </u>Time:<u>   2:30 pm   </u> in Department:<u>   1   </u>

The next CMC is scheduled for:  (Completed by party if the 1st CMC was continued or has passed)
   Date:<u>            </u>Time:<u>            </u> in Department:<u>            </u>

---

<u>*ALTERNATIVE DISPUTE RESOLUTION (ADR):*</u>  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

<u>*WARNING:*</u> Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA  95113-1090**

TO:    FILE COPY

RE:
CASE NUMBER:    **23CV409957**

<u>Calderon, et al. v. J. Crew Group, LLC</u> (Class Action)

**Electronically Filed**
**by Superior Court of CA,**
**County of Santa Clara,**
**on 1/18/2023 9:59 AM**
**Reviewed By: R. Walker**
**Case #23CV409957**
**Envelope: 10953497**

**ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY**
**AND RESPONSIVE PLEADING DEADLINE**

WHEREAS, the Complaint was filed by Plaintiffs **Dani Calderon** ("Plaintiff"), et al. in the Superior Court of California, County of Santa Clara, on **January 10, 2023** and assigned to Department **1** (Complex Civil Litigation), the **Honorable Sunil R. Kulkarni**  presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:

The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400.  The matter remains assigned, for all purposes, including discovery and trial, to Department 1 (Complex Civil Litigation), the **Honorable Sunil R. Kulkarni** presiding.

The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.

Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **Dani Calderon**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.

Pursuant to Government Code section 70616(b), each party's complex case fee is due within ten (10) calendar days of this date.

Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order.  Any response to the objection must be filed within seven (7) days of service of the objection.  The Court will make its ruling on the submitted pleadings.

The Case Management Conference remains set for **<u>May 18, 2023 at 2:30 p.m. in Department 1</u>**.

Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:

1. Issues related to recusal or disqualification;
2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;
3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;

6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;

7. Any issues involving the protection of evidence and confidentiality;

8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendar days prior to the First Case Management Conference, and include the following:

1. a brief objective summary of the case;

2. a summary of any orders from prior case management conferences and the progress of the parties' compliance with said orders;

3. significant procedural and practical problems that may likely be encountered;

4. suggestions for efficient management, including a proposed timeline of key events; and

5. any other special consideration to assist the court in determining an effective case management plan.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

**STAY ON DISCOVERY AND RESPONSIVE PLEADING DEADLINE**  Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date: January 17, 2023 _____

_____
Hon. **Sunil R. Kulkarni**
Judge of the Superior Court

---

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.
-----
Updated on 3/11/21.

2

23CV409957
Santa Clara – Civil

R. Fleming

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:       STATE BAR NO:<br>NAME:  Neal J. Deckant (CA 322946)<br>FIRM NAME: Bursor & Fisher, P.A.<br>STREET ADDRESS: 1990 N. California Blvd., Ste. 940<br>CITY: Walnut Creek                     STATE: CA     ZIP CODE: 94596<br>TELEPHONE NO.: 925.300.4455       FAX NO.: 925.407.2700<br>E-MAIL ADDRESS:  ndeckant@bursor.com<br>ATTORNEY FOR (Name):  Plaintiffs Dani Calderon and Evguenia Babaeva | FOR COURT USE ONLY<br>Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 3/10/2023 6:04 PM<br>Reviewed By: R. Fleming<br>Case #23CV409957<br>Envelope: 11411224 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS:  191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE:     San Jose, CA 95113
BRANCH NAME:  Old Courthouse

Plaintiff/Petitioner:  Calderon, et al.
Defendant/Respondent:  J. Crew Group, LLC

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>23CV409957 |
|---|---|

TO (insert name of party being served):  J. Crew Group, LLC

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:  February 24, 2023

Neal J. Deckant
(TYPE OR PRINT NAME)

▶

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1.  [ x ]  A copy of the summons and of the complaint.
2.  [ x ]  Other (specify):

Civil Lawsuit Notice

(To be completed by recipient):

Date this form is signed: March 9, 2023

Meegan B. Brooks, attorney for J. Crew Group, LLC
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶        /s/ Meegan B. Brooks

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]        NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL        Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov