UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVGUENIA BABAEVA,<br><br>    Plaintiff,<br><br>v.<br><br>J. CREW GROUP, LLC,<br><br>    Defendant. | Case No. 23-cv-01695-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS, COMPELLING ARBITRATION, AND STAYING CASE**<br><br>Re: Dkt. Nos. 12, 13 |

Now before the Court is the motion to dismiss filed by Defendant J. Crew Group, LLC ("Defendant"). The remaining plaintiff, Evguenia Babaeva ("Plaintiff"), alleges that when shopping online at the Factory outlet, she was misled by the posting of "Comparable Value" prices on the items she bought. Defendant moves to dismiss on the basis that her claims are barred because she affirmatively agreed to an arbitration clause in Defendant's terms of use. Defendant alternatively moves to dismiss on the basis that Plaintiff fails to state a claim upon which relief can be granted. Defendant separately moves to dismiss and strike the class action claims.[1]

**BACKGROUND**

Plaintiff brings this action concerning Defendant's sale and marketing of its "J. Crew Factory" branded products. Defendant contends that Plaintiff agreed to arbitrate any disputes with

---

[1] Because the Court finds the claims are subject to arbitration, the Court DENIES the separate motion to strike as moot. (Dkt. No. 13.)

1 the company by agreeing to the Defendant website's terms of use and then again when agreeing to
2 the terms of conditions for Defendant's reward program. The Court shall address other relevant
3 facts as necessary in the remainder of its order.

## ANALYSIS

The Federal Arbitration Act ("FAA") provides that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A court must "stay judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (citing 9 U.S.C. § 3)). "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court[.]" *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4). The FAA reflects a "liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (internal quotation marks and citations omitted). A court's role is thus limited to determining two issues: "whether a valid arbitration agreement exists, and whether the agreement encompasses the disputes at issue." *Nguyen*, 763 F.3d at 1175. "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

In the context of online transactions, courts routinely enforce contracts where (1) a consumer is expressly told that by clicking a button to complete a purchase or register on a website, they are agreeing to be bound by a set of terms of usage and (2) the website contains a link to the terms conspicuously and in proximity to the button that is clicked. *See, e.g., Dohrmann v. Intuit, Inc.*, 823 F. App'x 482, 484 (9th Cir. 2020). Here, at the time of Plaintiff's online purchase, the checkout page conspicuously stated, "By placing your order, you agree to our <u>Terms of Use</u> and <u>Privacy Policy</u>." (Dkt. No. 12-1, Declaration of Jay Goettelmann ("Goettelmann Decl."), ¶¶ 5-6.) The underlined text provided a hyperlink to the full Terms of Use. (*Id.* at ¶ 6.) In order to place her online order, Plaintiff had to proceed through this page and had to proactively agree to the Terms in order to place the order.

United States District Court
Northern District of California

1         Also, as a member of Defendant's reward program, Plaintiff agreed to bound by the terms
2 of the program.  Having received emails, including one entitled "Important updates to our Terms
3 & Conditions," Plaintiff was bound by the agreement to arbitrate claims related to her purchases
4 under the rewards program.  (*Id.* at ¶ 10, Ex. C.)

         Here, the applicable version of the website Terms' arbitration agreement broadly covers any dispute that Plaintiff may have against Defendant, including claims stemming from any prior purchases:

> ANY DISPUTE OR CLAIM ARISING OUT OF OR RELATING TO THESE TERMS, YOUR VISIT TO THE SITE, OR TO ANY PURCAHSE, TRANSACTION, RETURN OR OTHER INTERACTION WITH J. CREW (INCLUDING CLAIMS RELATING TO J. CREW'S ADVERTISEMENTS AND DISCLOSURES, EMAIL AND MOBILE SMS MESSAGES SENT BY J. CREW, OR J. CREW'S COLLECTION OR USE OF YOUR INFORMATION ("DISPUTE") SHALL BE RESOLVED THROUGH BINDING ARBITRATION, RATHER THAN IN COURT.

(*Id.*, Ex. A.)  This broad provision encompasses the claims in this action.  Similarly broad provisions are regularly enforced.  *See, e.g., Britton v. Co-op Banking Grp.*, 4 F.3d 742, 745 (9th Cir. 1993); *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  Similarly, the reward term's arbitration clause – which reads "ANY DISPUTE RELATING IN ANY WAY TO … THE PROGRAM" – is broad enough to cover the current dispute.  (Goettelmann Decl. ¶¶ 15-16.)  The Court does not find that the notices of the company's regular updated terms and conditions nor the repeated advisements sent by email to its customers renders the arbitration provisions inconspicuous.  Further, the Court does not find (and Plaintiff does not contend) that the arbitration provisions in the terms of use or the rewards program were procedurally or substantively unconscionable.  Accordingly, the Court enforces the arbitration provision for Plaintiff's online purchases.

## CONCLUSION

         For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss.  The Court finds that the claims are covered by a written and enforceable arbitration agreement and HEREBY STAYS this action pending resolution by arbitration.  *See Nguyen*, 763 F.3d at 1175.  The parties

3

1  shall file joint status reports every 180 days apprising the Court of the status of the arbitration
2  proceedings, including when the stay may be lifted.

3  **IT IS SO ORDERED.**

4  Dated:  November 6, 2023

_____
JEFFREY S. WHITE
United States District Judge